PEOPLE, PLAINTIFF AND APPELLEE, *v.* GONZÁLEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for the Adulteration of Milk.

### No. 1555.—Decided July 22, 1920.

PUBLIC HEALTH—ADULTERATED MILK—EVIDENCE.—In this case the milk which was found to be adulterated having been sold or offered for sale in the defendant's milk-stall, the presumption is that it belonged to the defendant, although he was not present. This presumption could have been destroyed by the testimony of the clerk who stated that the milk did not belong to the defendant but to her; but as the court did not believe her testimony and as it was not shown that it committed a manifest error, the evidence is sufficient to support the judgment of conviction.

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Messrs. J. E. Figueras, Fiscal,* and *C. Llauger Díaz* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

José G. González was convicted and sentenced to thirty days in jail on a charge of having adulterated milk for sale.

The evidence consisted of the testimony of Genaro Santiago, inspector of sanitation, who said substantially that he inspected the defendant's milk-stall and saw Providencia Rivera, an employee, sell to a woman some milk which was shown upon test to have been adulterated, and of the testimony of Providencia Rivera who said that while it was true that she sold the milk, it belonged to her and not to the defendant; that after all of the defendant's milk had been sold she purchased several bottles of milk from a country boy who was passing by and retailed it for her own account.

The defendant contends that the evidence is insufficient. The whole question depends upon whether credence should be given to the testimony of Providencia Rivera. The milk having been sold or offered for sale in the defendant's shop,

the presumption is that it belonged to him, although he was not present. This presumption could have been destroyed by the testimony of Providencia Rivera. The court, however, did not believe her testimony, and since it was not shown that the court committed manifest error, its judgment must be deemed just and proper.

After the parties had announced that they were ready for trial the defendant filed a demurrer alleging that the information was so worded that it was impossible for him to know exactly what the charge was, for it did not state whether the defendant had acted personally or through an agent. According to the repeated jurisprudence of this court the demurrer came too late.

The appellant further contends that the information did not charge a public offense because the mere fact of keeping adulterated milk for sale is not a crime, inasmuch as it can be lawfully sold for industrial purposes. That question was decided against the defendant's contention by this court in the case of *People* v. *Vilá*, 24 P. R. R. 371, in which the court said:

"An information is sufficient when it charges the defendant with having sold milk diluted with water in a milk-stand belonging to him, for that means that he sold the milk to all comers and not for industrial purposes; and when this is not the case, it is incumbent upon the defendant to prove it in his defense."

The judgment appealed from is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.